**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BERNT WALTHER VON GRABE,**

        **Plaintiff,**

-vs-                                                  Case No. 6:09-cv-2162-Orl-31GJK

**U.S. DEPARTMENT OF HOMELAND**
**SECURITY and SOCIAL SECURITY**
**ADMINISTRATION,**

        **Defendants.**

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 21) filed by the Commissioner of Social Security ("Commissioner"), improperly denominated in the case caption as the "Social Security Administration." In resolving this motion, the Court has also considered the response (Doc. 25) filed by the Plaintiff, Bernt Walther von Grabe ("von Grabe"), and the Court-authorized reply (Doc. 46) filed by the Commissioner.

**I.    Background**

According to the allegations of his Complaint (Doc. 1), von Grabe is a permanent resident German national. (Doc. 1 at 4). The instant case arises out of two issues: von Grabe's efforts to obtain a copy of a document approving a Petition for Alien Relative, Form I-130, filed by his American-born daughter and approved in 1995; and the Social Security Administration's refusal to grant retirement benefits to von Grabe on the grounds that, among other issues, he has not worked long enough to be entitled to such benefits. By way of the instant motion, the Commissioner

argues that this Court lacks jurisdiction to hear von Grabe's claims[1] related to the denial of retirement benefits.

## II.     Legal Standards

With limited exceptions not applicable here, a claimant's only avenue for judicial review of a denial of claimed Social Security benefits is found in 42 U.S.C. § 405(g). *Mathews v. Eldridge*, 424 U.S. 319, 327 (1976) (noting, *inter alia*, that 42 U.S.C. § 405(h)[2] precludes federal question jurisdiction over Social Security appeals). Under Section 405(g), a claimant may seek review in federal court of "any final decision of the Commissioner of Social Security." 42 U.S.C. § 405(g). The term "final decision" is left undefined in the Social Security Act, with its meaning left to the Commissioner to flesh out by regulation. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). In the case of a retirement benefits determination, the Commissioner's regulations provide for an initial determination, reconsideration, a hearing before an administrative law judge, and a discretionary review by the Appeals Council before the Commissioner's decision is deemed "final". *See* 20 C.F.R. §§ 404.907, 404.929, 404.953, 404.967.

---

[1]Von Grabe appears *pro se*, and his Complaint is not entirely clear as to which federal laws he contends were violated and by which defendant. However, the Complaint's caption includes an assertion that he is asserting a claim or claims under 42 U.S.C. § 1983, among other laws. (Doc. 1 at 1).

[2]42 U.S.C. § 405(h) provides:

No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

**III.    Analysis**

Von Grabe applied for retirement benefits in June 2009.  In July 2009, the Commissioner denied the application.  The Commissioner contends that, after receiving notice of the denial, von Grabe failed to file an appeal (or, at least, that it has no record of such an appeal having been filed).  Von Grabe argues that he did file such an appeal, and he has attached, as an exhibit to his complaint, an unsigned, undated copy of the appeal form he purportedly sent in.

Either way, however, von Grabe has not obtained a "final decision of the Commissioner" as required for this Court to exercise jurisdiction over his claim for benefits.  The Court notes that, after the filing of the complaint, the SSA has scheduled a telephone interview with von Grabe, permitted him to complete an application for retirement benefits under the U.S. International Social Security Agreement with Germany, and reopened the 2009 denial of benefits.  (Doc. 45 at 2).  Thus, it appears that von Grabe's application for benefits is back on track toward a final decision of the Commissioner.  The Commissioner's motion to dismiss will therefore be granted.

Von Grabe has a number of motions pending that will be mooted as a result of the dismissal of his claims against the Commissioner.  These include his motions for summary judgment (Doc. 19) and amended motion for summary judgment (Doc. 34) against the Commissioner, as well as two motions (Doc. 28, 36) to amend the complaint so as to, among other things, substitute the Commissioner of Social Security as a party in place of the Social Security Administration.  These motions will therefore be denied.

**IV.    Conclusion**

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 21) is **GRANTED**. All claims against the Commissioner of Social Security are **DISMISSED WITHOUT PREJUDICE** to von Grabe's right to refile his claim for retirement benefits after a final decision of the Commissioner. In addition, it is hereby

**ORDERED** that von Grabe's motion for summary judgment (Doc. 19) and amended motion for summary judgment (Doc. 34) against the Commissioner, as well as his motions for leave to amend (Doc. 28, 36), are **DENIED AS MOOT**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 14, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party