UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BERNT WALTHER VON GRABE,**

        **Plaintiff,**

-vs-                                              Case No. 6:09-cv-2162-Orl-31GJK

**U.S. DEPARTMENT OF HOMELAND SECURITY,**

        **Defendant.**

_____

# ORDER

This matter comes before the Court on the Motion for Summary Judgment (Doc. 18) filed by the Plaintiff, Bernt Walther von Grabe ("von Grabe"), and the response and Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 71) filed by the Defendant, the U.S. Department of Homeland Security ("DHS"), as well as the response (Doc. 77) to that motion filed by von Grabe.

**I.    Background**

Von Grabe, who is proceeding *pro se*, filed the instant suit on December 28, 2009. Originally, he sued both DHS and the Social Security Administration. However, his claims against the Social Security Administration were dismissed on May 14, 2010 due to a lack of subject matter jurisdiction. (Doc. 47).

The only remaining claim in this suit is one under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2010), against DHS. Von Grabe has made repeated efforts to obtain a copy of a particular document – a notice of approval of a Form I-130 (titled "Petition for Alien Relative"). The petition was submitted by von Grabe's daughter in 1995 and approved that same

year by Immigration and Naturalization Services ("INS"). Von Grabe's daughter relocated shortly after submitting the form. It appears from the record that the approved petition and a duplicate requested in 1998 were sent to her previous address, and never received by her or her father.

Beginning around 2007, von Grabe and his daughter made additional inquiries regarding (1) his immigration file and (2) the approved from I-130. From the record, it appears that the inquiries were made to various DHS, INS[1], U.S. Immigration and Customs Enforcement ("ICE") and U.S. Customs and Immigration Services ("USCIS") offices, including Jacksonville, Florida; Mesquite, Texas; Irving, Texas; and San Diego, California. (Doc. 1-1 at 21-30).

In a letter dated June 18, 2009, von Grabe contacted ICE in Jacksonville, Florida, saying he had been informed by an attorney with USCIS in San Diego that the Jacksonville office could "reactivate" his file so that he could obtain a green card. (Doc. 1-1 at 33). Von Grabe did not request a copy of the approval notice of his daughter's Form I-130 or mention the FOIA. He subsequently sent another letter, dated June 22, 2009, to the same office, requesting "under FOIA" a copy of the 1995 letter showing that the Form I-130 had been approved. (Doc. 1-1 at 35). In the alternative, von Grabe wrote, the office could send him or his daughter "a renewed notice of approval". (Doc. 1-1 at 35).

Von Grabe received a response (Doc. 1-1 at 38) from someone identified only as "B. Norman" at the USCIS office in Jacksonville. In the letter, dated August 5, 2009, Norman informed von Grabe that due to privacy restrictions the document request needed to be made by the person who originally submitted the Form I-130 – i.e., von Grabe's daughter. (Doc. 1-1 at 38).

---

[1]INS, the federal agency formerly in charge of immigration and naturalization, ceased to exist in 2003, when its functions were transferred to other agencies within the newly created DHS.

Von Grabe was told that his daughter could make the request by visiting the closest USCIS office to her home or by calling a toll-free number.  (Doc. 1-1 at 38).

Apparently, von Grabe and his daughter declined to make such a request.  The next item in the record is a letter to Norman, dated September 11, 2009, titled "**NOTICE OF INTENT TO FILE LAW SUIT**" (Doc. 1-1 at 40) (emphasis in original).  Von Grabe complained that he had "repeatedly demanded presentation of the I-130 approval letter" but "**Your department has refused to cooperate**."  (Doc. 1-1 at 40).  According to von Grabe, there could be "only one explanation" for the lack of cooperation:

> The file was either demanded by and delivered to, or destroyed on instruction of either former Congressman Thomas Feeney, Senator Bill Nelson, Congressman James Sensenbrenner or other elected officials which according to our investigation took money from parties to litigation in return for ex parte contacts to judges and other officials for the purpose to intimidate them to obstruct justice.

(Doc. 1-1 at 40).  Von Grabe wrote that he was "preparing a complaint with the International Criminal Conduct against the named elected officials under the UN Convention against Corruption" and that the letter was his "last attempt to settle this matter amicably."  (Doc. 1-1 at 41).  Von Grabe demanded that Norman produce either the original approval letter and reactivate his file, or provide von Grabe with the records showing who requested his file or contacted "ICE/INS" in his case.  (Doc. 1-1 at 41).  The letter made no reference to FOIA.

Norman responded by way of a letter dated September 17, 2009 (Doc. 1-1 at 43).  He told von Grabe, as he had done in his previous letter, that the Form I-130 had been approved by the Texas Service Center in October of 1995.  (Doc. 1-1 at 43).  He also informed von Grabe that if he sought further agency action (such as an adjustment of status) in regard to that form, his daughter

needed to contact the Texas Service Center. (Doc. 1-1 at 43). Although the record is not clear, it does not appear that von Grabe made any other efforts to obtain the document he sought before filing this suit.

On June 18, 2010, the Assistant United States Attorney representing the Government in this case sent von Grabe a copy of the approval letter of his daughter's Form I-130. Both von Grabe and DHS have now moved for summary judgment  Among other allegations, DHS contends that this Court lacks subject matter jurisdiction over von Grabe's FOIA suit.

## II.     Legal Standards

FOIA provides, with certain enumerated exceptions, that upon a proper request for records a federal agency "shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). "If an agency refuses to furnish the requested records, the requester may file suit in federal court and obtain an injunction 'order[ing] the production of any agency records improperly withheld .'" *Taylor v. Sturgell*, 553 U.S. 580, ----, 128 S.Ct. 2161, 2167, 171 L.Ed.2d 155 (2008) (quoting 5 U.S.C. § 552(a)(4)(B)). The requester does not have to justify his or her request. *North v. Walsh*, 881 F.2d 1088, 1096 (D.C.Cir. 1989). Nonetheless, FOIA requests must reasonably describe the records sought, and must be made in accordance with the agency's regulations. *See* 5 U.S.C. § 552(a)(3). To sustain a claim for a judicial remedy in his request under the FOIA, a plaintiff must prove that he properly and timely presented his FOIA request to the agency and that he exhausted his administrative remedies prior to seeking judicial review. *See Voinche v. F.B.I.*, 999 F.2d 962, 963 (5th Cir. 1993).

**III.    Analysis**

Article III of the Constitution limits the jurisdiction of the federal courts to "cases" and "controversies." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992).  By its very nature, a suit that has become moot cannot present an Article III case or controversy and, as a consequence, federal courts lack jurisdiction to entertain it.  *National Advertising Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005).  DHS contends, among other things, that this matter has been rendered moot due to the fact that von Grabe has received a copy of the Form I-130 approval that he sought.  Von Grabe responds that, although he received the document, the matter has not been mooted, because he is entitled to recover attorneys' fees and damages, including $242,000 in medical expenses which he contends would have been paid by Medicaid if DHS had turned over the approval form in a timely manner.  (Doc. 77 at 7).

However, FOIA does not provide for an award of "damages."  Thus von Grabe cannot recover his medical expenses in this suit.  FOIA does provide that the district court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any [FOIA] case . . . in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i).  There are two ways for a plaintiff to qualify as a "prevailing party" for purposes of that subsection:  First, a plaintiff may obtain a judicial order or consent decree providing him with at least some of the relief he sought.  Failing that, a plaintiff may obtain relief through "a voluntary or unilateral change in position by the agency, if [his] claim is not insubstantial". 5 U.S.C. § 552(a)(4)(E)(ii).  Von Grabe has not obtained a judicial order or consent decree; accordingly, to be entitled to attorneys' fees and litigation costs, he would have to pursue the latter route.

Based on this record, von Grabe's claim is not substantial, for several reasons. First, von Grabe never made a proper request for the approval letter, because he never sent a request to the proper office, as identified in DHS's regulations. Those regulations provide that that FOIA requests should be sent to an agency's "central FOIA office". 6 C.F.R. § 5.3 (as amended January 1, 2008). DHS also asserts (and von Grabe does not dispute) that its web site provides the following list of information regarding the FOIA contacts for the USCIS:

> U.S. Citizenship and Immigration Services
> National Records Center, FOIA/PA Office
> P.O. Box 648010
> Lee's Summit, MO 64064-8010
> FOIA Officer/Requester Service Center Contact: Jill Eggleston
> Phone: 1-800-375-5283 (USCIS National Customer Service Unit)
> Fax: 816-350-5785
> E-mail: uscis.foia@dhs.gov

(Doc. 71 at 100). It is undisputed that von Grabe never contacted the Lee's Summit office. Where a requester fails "to follow the procedures set forth in the agency regulations, he has failed to make a proper request under the FOIA and therefore has failed to exhaust his administrative remedies." *Kessler v. United States*, 899 F.Supp. 644, 645 (D.D.C.1995). This failure renders his request insubstantial.

In addition, based on this record, DHS did not refuse to provide the approval form. The form was provided at least once, when it was initially issued, and perhaps on other occasions (although the record is not clear on that score). There is no evidence of DHS declaring that it would not provide the document. The last two communications received by von Grabe before filing this suit were from "B. Norman" of USCIS. In the first, Norman informed von Grabe that his daughter could get a copy of the approval of the form, which she had originally submitted. In

the second, after von Grabe threatened to sue (but did not refer to FOIA), Norman informed him of the particular office his daughter ought to contact. There was no statement that the agency could not or would not produce the document.

Because von Grabe did not file a proper request, and because DHS did not refuse that request, von Grabe's claim is not substantial, and he cannot recover attorneys' fees or litigation expenses pursuant to FOIA. Accordingly, his receipt of the approval form he was seeking has rendered the remaining claim in this case moot, and this Court no longer possesses subject matter jurisdiction over this case.

In consideration of the foregoing, it is hereby

**ORDERED** that Motion to Dismiss (Doc. 71) is **GRANTED**, and this case is **DISMISSED** for lack of subject matter jurisdiction. All pending motions are denied as moot. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 3, 2010.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party